IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Bernard Andrew WHITE,

      Plaintiff,               No. 2:08-cv-01789-CTB

      vs.

Grogory G. HOLLOWS, et al.,

      Defendants.

**ORDER DISMISSING CASE FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

_____/

**BACKGROUND**

Plaintiff Bernard Andrew White is a California state prisoner.  On August 4, 2008, Plaintiff filed a *pro se* complaint in this court against Magistrate Judge Gregory G. Hollows and all other magistrate judges in the Eastern District of California.  His complaint alleged due process violations based, as far as this court can decipher, on this court's collection of court filing fees and perhaps some unspecified other actions.  On August 27, 2008, Plaintiff filed an application to proceed *in forma pauperis*.

**DISCUSSION**

Under the Prison Litigation Reform Act (PLRA), this court has a statutory duty to screen complaints brought by prisoners against a governmental entity or an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  This court must dismiss a complaint "if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted," or if the complaint "seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Here, even if all of the complaint's factual matters were true, the complaint does not state a claim to relief.  As a preliminary matter, this court notes that it is entirely unclear what actions Plaintiff alleges that the magistrate judges of this court took or how any such actions violated due process.  The complaint mentions court filing fees, but the collection of filing fees does not violate due process.  *See Silva v. Di Vittorio*, 658 F.3d 1090, 1102–03 (holding that the right to litigation assistance is limited to assisting prisoners with attacking their sentences and that otherwise, prisoners have a right only to access the courts without undue interference).

Plaintiff also claims, "Magistrated [*sic*] Judges violation power prohibited Absolutely to states Art II. I Section 10 [*sic*] obligation contracts period."  The magistrate judges of this court did not violate either Article II of the Constitution (which addresses the executive branch), or Article I, Section 10 (which prohibits states from, *inter alia*, impairing the obligation of contracts) by having the Clerk of the Court collect statutorily mandated court fees.

Therefore, Plaintiff's claim is dismissed for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  The entirety of the complaint is frivolous under the PLRA. *Andrews v. King*, 398 F.3d 1113, 1122 (9th Cir. 2005) ("[A] case is frivolous if it is of little weight or importance: having no basis in law or fact." (internal citation and quotation omitted)).

Further, plaintiff seeks both monetary and injunctive relief.[1]  Except in rare circumstances not applicable here, judges are entitled to absolute immunity from suit for monetary damages. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991).  Because all defendants named in this case are judges, they are also protected by absolute immunity against Plaintiff's claim for monetary relief.

A district court has discretion whether to grant leave to amend when dismissing a claim under the PLRA.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).  "[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines

---

[1]  In addition to requesting damages of $6 million, Plaintiff requests that this court "cease court to take conviction statutes away on 28 USC 42, 28 USC 225" (direct quotation).

2

that the pleading could not possibly be cured by the allegation of other facts." *Id.* (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).  This complaint is a textbook example of an incurable pleading.  There are no additional facts that Plaintiff could allege against these defendants which would entitle him to relief.  There are no other defendants against whom Plaintiff could allege these facts which would entitle him to relief.  Therefore, this court exercises its discretion to dismiss the complaint with prejudice.

Because this court dismisses the complaint with prejudice, it need not address Plaintiff's motion to proceed *in forma pauperis* despite (according to the complaint) having previously filed five other lawsuits while a prisoner.  *See* 28 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action . . . under this section [authorizing *in forma pauperis* proceedings] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed . . . .").

## CONCLUSION

The court finds dismissal appropriate for failure state a claim upon which relief can be granted.

Accordingly, IT IS HEREBY ORDERED that:

1.    Plaintiff's case is DISMISSED with prejudice pursuant to 28 U.S.C. § 1915A;

2.    Plaintiff's motion to proceed *in forma pauperis* is DENIED as moot;

2.    The Clerk of Court is directed to close this case.

DATED: July 16, 2012

/s/ Carlos T. Bea
**Hon. Carlos T. Bea**
U.S. Court of Appeals for the Ninth
Circuit, sitting by designation